UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRYSON WHITESIDE, | ) |
| Movant, | ) |
| v. | ) No. 4:23-cv-01038-MTS |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion appears to be time-barred, and the Court will order movant to show cause why the motion should not be summarily dismissed.

On March 23, 2022, movant pled guilty to two counts of possession of counterfeit securities and one count of each of the following: access to device fraud, aggravated identity theft, and possession of a stolen vehicle. On June 29, 2022, the Court sentenced movant to 44 months' imprisonment. Movant did not appeal. *See United States v. Whiteside*, No. 4:21-cr-313-MTS (E.D. Mo.) at Doc. [119].

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(f)(1) and is subject to summary dismissal. An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. *Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment became final fourteen days after the judgment was entered, which made it final on July 13, 2022. Fed. R. App. Proc. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired on July 13, 2023.

Movant filed this motion on August 8, 2023, which is the date he placed the motion in the prison mailing system. This date is twenty-six days after § 2255 statute of limitations had ended. In his motion, movant states that he was housed in the special housing unit at Lee Penitentiary and has been denied meaningful access to the courts. He states, "As soon as I was able, I requested from the Clerk's Office this § 2255 packet." Movant's letter to the Court asking for a § 2255 packet

is dated July 22, 2023, which was already nine days past the statute of limitations. If movant seeks to have the statute of limitations tolled during the time he was confined to the special housing unit, the Court needs more information on the date he was placed in the special housing unit, the date he was released from the special housing unit, and how his special confinement prevented him from meeting the one-year statute of limitations.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than twenty-one (21) days from the date of this Order, why the instant § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, his § 2255 motion will be dismissed without further proceedings.

Dated this 28th day of August, 2023.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE