**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| BRYSON WHITESIDE, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Case No. 4:23-cv-01038-MTS |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's response to the Court's Order to Show Cause why his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should not be summarily dismissed. Having carefully reviewed his response, and for the reasons discussed below, the Court must deny Petitioner's Motion and dismiss it as time-barred.

**I. Background**

On May 12, 2021, a grand jury in this District returned an indictment charging Whiteside with one count of use of a counterfeit access device, in violation of 18 U.S.C. § 1029(a)(1) and 2; three counts of identity theft, in violation of 18 U.S.C. § 1028(a)(7) and 2; three counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A and 2; two counts of possession of document-making implements, in violation of 18 U.S.C. § 1028(a)(5) and 2; two counts of possessing counterfeited securities, in violation of 18 U.S.C. § 513(a); and one count of possession of a stolen vehicle, in violation of 18 U.S.C. § 2313 and 2. Crim. Doc. [5].[1]

On January 31, 2022, Whiteside waived the filing of pretrial motions. On March 23, 2022, Whiteside, along with his attorney, appeared before the Court for a change of plea hearing.

---

[1] All criminal documents refer to Petitioner's criminal case: 4:21-cr-00313.

Pursuant to a Guilty Plea Agreement (the "Agreement"), in exchange for Whiteside's voluntary plea of guilty to Counts I, VII, X, XI, and XII, the United States agreed to dismiss Counts II, III, IV, V, VI, and IX at the time of sentencing. Crim. Doc. [75] at 1. Whiteside waived "all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty, and whether defendant's conduct falls within the scope of the statute(s)." *Id.* at 9-10. He also agreed to waive "all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 18, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." *Id.* On June 29, 2022, the Court sentenced Whiteside to 20 months as to counts I, X, XI, and XII, to be served concurrently, and 24 months as to Count VII to be served consecutively, for a total term of 44 months of imprisonment.

Whiteside did not file an appeal. More than one year after the judgment became final,[2] he filed a § 2255 motion, raising one ground for relief, claiming "he did not receive benefit of a plea agreement." Doc. [1] at 4. Petitioner supports this assertion stating, the "prosecutor wanted me to have 24 months consecutive" because "she wanted me to do RDAP." *Id.* Petitioner claims he was sent to a facility that does not have RDAP, and he needs legal representation to re-evaluate his "lengthy and complicated" plea negotiation. *Id.*

On August 28, 2023, this Court issued an order requiring Whiteside to show cause why his Motion should not be summarily dismissed as time barred.[3] Doc. [2]. In his response, Petitioner

---

[2] The judgment in Whiteside's criminal case was deemed final on July 13, 2022. Fed. R. App. Proc. 4(b)(1)(A). Petitioner's Motion was filed on August 8, 2023, the date he placed the motion in the prison mailing system, more than a year after the criminal judgment became final.
[3] 28 U.S.C. § 2255(f) imposes a one-year statute of limitations on federal habeas corpus claims made under § 2255.

2

claims he first became aware of issues with his sentencing on April 10, 2023. *Id.* at 1. Petitioner argues his placement in the SHU (special housing unit) until June 12, 2023, his inability to "afford stationary, envelopes, stamps, etc.," to draft and send his Motion, his inability to obtain the address for the Clerk of Court for the Eastern District of Missouri until after July 12, 2023, and his subsequent transfers to USP Atlanta and USP Lee, showed good cause for his failure to meet the one year limitation of § 2255(f). *Id.* The Government subsequently filed its response.

## II.     Discussion

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough,* 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.* As stated previously, the Court provided such notice.

An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005). Here, the judgment became final on July 13, 2022, fourteen days after the judgment was entered. *Fed. R. App. Proc. 4(b)(1).* As a result, the one-year limitation period under § 2255 expired on July 13, 2023. However, the one-year limitations period for a § 2255 motion is subject to equitable tolling. *English v. United States*, 840 F.3d 957, 958 (8th Cir. 2016).

Equitable tolling is "an exceedingly narrow window of relief." *Odie v. United States,* 42 F.4th 940 (8th Cir. 2022) (quoting *Deroo v. United States,* 709 F.3d 1242, 1246 (8th Cir. 2013)). The use of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002) (quoting *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001)). "The one-year statute of

limitation may be equitably tolled 'only if [the movant] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631 (2010) (internal citations omitted). The burden is on the movant to demonstrate grounds warranting equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Whiteside argues that his confinement in the SHU, subsequent transfers to different facilities, and his inability to obtain materials and access resources caused him to be unable to timely file his Motion. Doc. [3] at 1.  Whiteside claims that from April 10, 2023 to June 12, 2023 he was in the SHU at USP Pollock; from June 12, 2023 to June 23, 2023, he was in transit to FTC Oklahoma City; and from June 23, 2023 to July 12, 2023 he was in transit to USP Atlanta. *Id*. During this time, Whiteside claims he was restricted from "all meaningful access to the courts," because the prison facilities did not give him "adequate access to [sic] law library," he was refused when he attempted "multiple times to order envelopes and paper," and was ignored when he attempted to obtain an address for his lawyer and this Court. Docs. [1] and [3].

"The Eighth Circuit has been hesitant to accept a prisoner's confinement as the sort of 'extraordinary circumstance' supporting equitable tolling." *Wunderli v. United States,* No. 4:14-cv-01765 JAR, 2018 WL 1508907, at *4 (citing *Muhammad*, 735 F.3d at 815). Although Whiteside claims he did not have "adequate" access to the law library during his confinement, even when a defendant alleges lack of legal knowledge or lack of legal resources, "equitable tolling has not been warranted." *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000). Whiteside has also failed to demonstrate with any specificity how his time in special confinement and transfers between prison facilities prevented him from meeting the one-year statute of limitations. *See Anjulo–Lopez v. United States,* 541 F.3d 814, 818–819 (8th Cir. 2008) (repeated transfers are not

4

a sufficient basis upon which to toll the limitations period absent a showing of due diligence while in the process of being transferred); *see also Chachanko v. United States*, 935 F.3d 627, 628–30 (8th Cir. 2019) (rejecting tolling of the limitations period when movant was in a SHU for two years and filed a letter seeking § 2255 relief months after release from the SHU)); *Muhammad*, 735 F.3d at 816-17 (movant's confinement in SHU for months, inability to visit law library, or access personal, legal materials did not amount to an extraordinary circumstance); *Taylor v. United States*, No. 4:25-cv-01248-HEA, 2025 WL 2624544 at *3, September 11, 2025 (*discussing Chackanko* and *Muhammed* regarding confinement and mail issues, and finding that movant did not present sufficient information to warrant equitable tolling of limitations period).

As for diligence, Petitioner's bare claims illustrate that he has pursued his rights sporadically rather than diligently. Indeed he requested the statement of reasons for imposition of his sentence only a few months after his sentencing in September 2022, Crim. Doc. [123], claimed he first became aware of issues with his sentencing on April 10, 2023, and acknowledged that he was able to obtain the address of this Court and obtain his "2255 packet" between June 23, 2023, and July 12, 2023, all prior to the expiration of the limitation period. Doc. [3] at 1.

Because Petitioner has not presented sufficient information to show extraordinary circumstances and the requisite diligence to warrant equitable tolling, his Motion will be denied and dismissed as time-barred.

Accordingly,

## CONCLUSION

**IT IS HEREBY ORDERED** that Bryson Whiteside's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Doc. [1], is **DENIED** and

5

**DISMISSED** as time-barred under 28 U.S.C. § 2255(f)(1). A separate Order of Dismissal shall accompany this Memorandum and Order.

  **IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. 28 U.S.C. § 2253.

  Dated this 19th day of December 2025.

                 _____
                 MATTHEW T. SCHELP
                 UNITED STATES DISTRICT JUDGE